UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x

TONI MARIE DAVIS,                                   **MEMORANDUM AND ORDER**

                Plaintiff,                 21-CV-4853 (KAM) (LB)

      -against-

MAYOR BILL DE BLASIO; CITY OF
NEW YORK,

                Defendants.
------------------------------x

KIYO A. MATSUMOTO, United States District Judge:

        Plaintiff Toni Marie Davis, a resident of Baltimore, Maryland, brings this *pro se* action pursuant to 28 U.S.C. § 1331, alleging that her constitutional rights have been violated by New York City's COVID-19 mask mandate. (ECF No. 1, Complaint ("Compl.").) Plaintiff's request to proceed *in forma pauperis* ("IFP") is granted. (ECF No. 2.) For the reasons set forth below, plaintiff's claim is dismissed for lack of standing.

**BACKGROUND**

        Plaintiff's complaint contains many statements reflecting her strong disagreement with the New York City COVID-19 mask mandate, but fails to allege specific facts demonstrating how the mandate violates plaintiff's constitutional rights. (*See generally* Compl.) Specifically, plaintiff asserts that New York City Mayor Bill de Blasio "has exercised Nazi style Tyrannical rule over the city of New York including all 5 boroughs." (*Id.* at 3.) She asserts that Mayor

1

de Blasio "is using Covid as an excuse to infringe on the liberties and sovereignty of the American people in an attempt to ultimately take control." (*Id.* at 5.)  Plaintiff claims that Mayor de Blasio's actions will lead to forced vaccine mandates which will lead to "civil war." (*Id.* at 6.)  Plaintiff questions how President Biden can restrict travel for Americans due to the COVID-19 pandemic but use taxpayers money to evacuate "30,000 unvaccinated covid having Afghans into this country." (*Id.*)  Plaintiff seeks fifteen billion dollars in punitive damages "for the horrific acts against the freedoms of the American people and the Will of God who said WHOM THE LORD SETS FREE IS FREE INDEED." (*Id.* at 11 (emphasis in original)).

## STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's

2

pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim to relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them. *Iqbal,* 556 U.S. 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal citations and alterations omitted). To satisfy this standard, the complaint must at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000) (internal quotation marks omitted).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

## DISCUSSION

To bring suit in a federal court, a plaintiff must establish that she has standing to pursue her claims under Article III of the United States Constitution.  *E.M. v. N.Y.C. Dep't of Educ.*, 758 F.3d 442, 449 (2d Cir. 2014).  "'The irreducible constitutional minimum of standing' derives from Article III, Section 2 of the U.S. Constitution, which limits federal judicial power to 'cases' and 'controversies.'"  *Natural Res. Def. Council, Inc. v. U.S. Food & Drug Admin.*, 710 F.3d 71, 79 (2d Cir. 2013) (quoting U.S. Const. art. III, § 2 and *Lujan v. Defs. of Wildlife,* 504 U.S. 555, 560 (1992)).  "To establish that a case or controversy exists so as to confer standing under Article III, a plaintiff must satisfy three elements: (a) the plaintiff must suffer an 'injury in fact,' (b) that injury must be 'fairly traceable' to the challenged action, and (c) the injury must be likely to be 'redressed by a favorable decision'

4

of the federal court." *Id.* (citations omitted); *see also Hollingsworth v. Perry*, 570 U.S. 693, 704 (2013) ("[F]or a federal court to have authority under the Constitution to settle a dispute, the party before it must seek a remedy for a personal and tangible harm.").  To have standing to bring a constitutional claim, a plaintiff must show that she was personally deprived of rights or privileges guaranteed by the United States Constitution. *See Collins v. W. Hartford Police Dep't,* 324 F. App'x 137, 139 (2d Cir. 2009) (summary order); *Cunningham v. U.S.,* No. 18-cv-4492, 2020 WL 6799685, at *2 (E.D.N.Y. Nov. 19, 2020).

Here, plaintiff, a resident of Maryland, has failed to allege facts to show how she is personally affected by the New York City mask mandate.  Furthermore, even if she had alleged that she was personally deprived of her rights, her allegations would not constitute an injury in fact that is concrete and particularized to establish standing.  Any alleged harm is speculative and hypothetical as plaintiff has not alleged an actual injury.  Accordingly, because plaintiff fails to allege any facts to show that she has personally suffered a constitutional injury she lacks standing to bring this suit. *See e.g., Schiavo v. Carney*, No. 20-cv-1384, 2021 WL 2936137, at *3-4 (D. Del. July 13, 2021) (noting that there are no allegations in the complaint of an injury personal to plaintiff

5

as a result of the mask mandate); *Beaudoin v. Baker*, No. 20-cv-11187, 2021 WL 1162927, at *4 (D. Mass. Mar. 25, 2021) (finding plaintiff has no standing to challenge mask mandate); *Bechade v. Baker*, No. 20-cv-11122, 2020 WL 5665554, at *3 (D. Mass. Sept. 23, 2020) (plaintiff who did not show mask requirement caused any concrete and particularized or actual or imminent harm did not have standing).

### CONCLUSION

Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction due to Plaintiff's lack of standing. *See* Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States,* 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment, close this case, send a copy of this Order and the judgment to plaintiff, and note service on the docket.

SO ORDERED.

/s/
_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York

Dated:     October 4, 2021
           Brooklyn, New York

6